Mark E. Ellis – 127159
Andrew M. Steinheimer – 200524
Jennifer A. Weiner – 226151
ELLIS, COLEMAN, POIRIER, LAVOIE, &
  STEINHEIMER LLP
555 University Avenue, Suite 200 East
Sacramento, CA 95825
Tel: (916) 283-8820
Fax: (916) 283-8821

Attorneys for Defendant VAN RU CREDIT CORPORATION

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA ARZADON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, NA., dba WELLS FARGO CARD SERVICES, CANDY DOE, an individual, VAN RU CREDIT CORPORATION, DOES 1 THROUGH 10, et al.,<br><br>Defendants. | CASE NO.: C 07-02868 JSW<br><br>**DEFENDANT VAN RU CREDIT CORPORATION'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Defendant VAN RU CREDIT CORPORATION hereby responds to plaintiff's First Amended Complaint.

1. As to paragraph one, Defendant admits that plaintiff is a resident of San Francisco County. Defendant denies each and every allegation therein.

2. As to paragraph two, Defendant admits that it is a debt collector. Defendant denies each and every other allegation therein.

3. As to paragraph three, Defendant denies each and every allegation therein.

4. As to paragraph four, Defendant denies each and every allegation therein.

5. As to paragraph five, Defendant denies that the state court has jurisdiction over this case.

6. As to paragraph six, Defendant denies that venue in San Francisco County is

Defendant Van Ru Credit Corporation's Answer To Plaintiff's First Amended Complaint

1  appropriate.

2      7.    As to paragraph seven, Defendant admits this allegation.

3      8.    As to paragraph eight, Defendant lacks information or belief sufficient to admit or deny this allegation.

5      9.    As to paragraph nine, Defendant lacks information or belief sufficient to admit or deny this allegation.

7      10.    As to paragraph ten, Defendant admits this allegation.

8      11.    As to paragraph 11, Defendant lacks information or belief sufficient to admit or deny this allegation..

10      12.    As to paragraph 12, Defendant lacks information or belief sufficient to admit or deny this allegation.

12      13.    As to paragraph 13, Defendant denies each and every allegation therein.

13      14.    As to paragraph 14, this paragraph does not contain any allegations to be admitted or denied.

15      15.    As to paragraph 15, this paragraph does not contain any allegations to be admitted or denied.

17      16.    As to paragraph 16, this paragraph does not contain any allegations to be admitted or denied.

19      17.    As to paragraph 17, Defendant denies this allegation to the extent that it pertains to this answering defendant.

21      18.    As to paragraph 18, Defendant lacks information or belief necessary to admit or deny this allegation and on that basis denies these allegations.

23      19.    As to paragraph 19, Defendant lacks information or belief necessary to admit or deny this allegation and on that basis denies these allegations.

25      20.    As to paragraph 20, Defendant lacks information or belief necessary to admit or deny this allegation and on that basis denies these allegations.

27      21.    As to paragraph 21, Defendant lacks information or belief necessary to admit or deny this allegation and on that basis denies these allegations.

Defendant Van Ru Credit Corporation's Answer To Plaintiff's First Amended Complaint

22. As to paragraph 22, Defendant denies each and every allegation therein.

23. As to paragraph 23, Defendant lacks information or belief necessary to admit or deny this allegation and on that basis denies these allegations.

24. As to paragraph 24, Defendant objects as this is a statement of law and not an allegation that needs to be admitted or denied.

25. As to paragraph 25, Defendant objects as this is a statement of law and not an allegation that needs to be admitted or denied.

26. As to paragraph 26, Defendant denies these allegations.

27. As to paragraph 27, Defendant admits that Wells Fargo referred one of plaintiff's accounts to defendant for collection. Defendant denies each and every other allegation therein.

28. As to paragraph 28, Defendant refers to its responses to paragraphs 1-27 as if set forth here in full.

29. As to paragraph 29, Defendant denies each and every allegation therein.

As to plaintiff's prayer for relief, Defendant denies that plaintiff is entitled to any damages or recovery at all.

Pursuant to **Federal Rule of Civil Procedure 8(c)**, Defendant sets forth the following matters constituting an avoidance or affirmative defense:

### FIRST AFFIRMATIVE DEFENSE

30. Defendant alleges that the First Amended Complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE

31. Defendant alleges that the First Amended Complaint, and each cause of action therein, is barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

32. Defendant alleges that Plaintiff herself was negligent, careless, and/or committed intentional acts, in and about the matters alleged in the Complaint, and said negligence, carelessness and/or intentional acts caused and/or contributed to her injuries and/or damages.

## FOURTH AFFIRMATIVE DEFENSE

33. Defendant alleges that other persons and parties were careless and/or negligent, and/or committed intentional acts, and that this carelessness, negligence, or these intentional acts proximately contributed to the happening of the incidents referred to in the Complaint, and to the extent said negligence, carelessness and/or intentional acts caused and/or contributed to injuries and/or damages, then the damages alleged against this Defendant should be reduced or eliminated.

## FIFTH AFFIRMATIVE DEFENSE

34. Defendant alleges that Plaintiff failed and neglected to use reasonable care to protect herself and to minimize and/or mitigate the losses and/or damages asserted in the complaint.

## SIXTH AFFIRMATIVE DEFENSE

35. Defendant alleges that all of its actions were taken in good faith and with a reasonable belief that such actions were legal, appropriate and necessary.

## SEVENTH AFFIRMATIVE DEFENSE

36. Defendant alleges that it has no civil liability under the FDCPA, 15 U.S.C. § 1692, *et seq.*, or Rosenthal FDCPA, pursuant to 15 U.S.C. § 1692k(c) and Civil Code § 1788.30(e) as any violation was unintentional and resulted from the maintenance of procedures reasonably adopted to avoid any such violation.

## EIGHTH AFFIRMATIVE DEFENSE

37. Defendant alleges that Plaintiff's Complaint, and each and every cause of action therein, is barred by the privilege embodied either in Civil Code § 47(c), or arising under federal and state common law.

## NINTH AFFIRMATIVE DEFENSE

38. Defendant alleges that Plaintiff's First Amended Complaint (and the causes of action alleged therein) is barred because Defendant's actions were taken in reasonable reliance upon information provided by its client pursuant to **Ducrest v. Alco Collections, Inc.** (M.D. La. 1999) 931 F.Supp. 459, 462, and **Hulse v. Ocwin** (D. Or. 2002) 195 F.Supp.2d 1188, 1210.

## TENTH AFFIRMATIVE DEFENSE

39. Defendant alleges that Plaintiff's Complaint, and each and every cause of action therein,

- 4 -

Defendant Van Ru Credit Corporation's Answer To Plaintiff's First Amended Complaint

is barred by the doctrine of unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE

40.     Defendant alleges it is entitled to a setoff under Code of Civil Procedure § 431.70 against any damages to which Plaintiff claims an entitlement based upon Plaintiff's outstanding obligation.

### TWELFTH AFFIRMATIVE DEFENSE

41.     Defendant alleges that the representations or statements made by Defendant was true, accurate at the time made, and/or otherwise were made in good faith and with a reasonable belief as to their truth, validity and accuracy.

### THIRTEENTH AFFIRMATIVE DEFENSE

42.     Defendant alleges that statutory and common law immunities apply to the acts and/or omissions complained of in the Complaint on file herein.

### FOURTEENTH AFFIRMATIVE DEFENSE

43.     Defendant alleges that Plaintiff's Complaint, and each and every cause of action therein, is barred by the doctrine of estoppel and/or waiver.

### FIFTEENTH AFFIRMATIVE DEFENSE

44.     Defendant alleges that any acts attributed to this Defendant were performed in good faith in conformity with advisory opinions of the Federal Trade Commission pursuant to 15 U.S.C. § 1692k(e).

### SIXTEENTH AFFIRMATIVE DEFENSE

45.     Defendant hereby alleges the following affirmative defenses, including, but not limited to, those set forth in **Federal Rule of Civil Procedure 8(c)**, so as not to waive them at this time: assumption of risk, contributory negligence, duress, failure of consideration, fraud, illegality, license, failure to join an indispensable party, and abatement.

### SEVENTEENTH AFFIRMATIVE DEFENSE

46.     Defendant presently has insufficient knowledge or information on which to form a belief as to whether Defendants may have additional, as yet unstated, defenses available. Defendant reserves herein the right to assert additional defenses in the event discovery indicates that they would

Defendant Van Ru Credit Corporation's Answer To Plaintiff's First Amended Complaint

be appropriate.

**WHEREFORE**, Defendants pray for:

1. That Plaintiff takes nothing from this answering Defendant by this Complaint;
2. That Defendant be awarded judgment in this action;
3. For attorney's fees incurred herein, pursuant to statute;
4. For costs of suit incurred herein; and
5. For such other and further relief as the Court deems proper.

Dated: June 18, 2007

          ELLIS, COLEMAN, POIRIER, LAVOIE, &
          STEINHEIMER LLP

By _____
      Andrew M. Steinheimer
      Attorneys for Defendant
      VAN RU CREDIT CORPORATION

Defendant Van Ru Credit Corporation's Answer To Plaintiff's First Amended Complaint